[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-11408
Non-Argument Calendar
_____

D.C. Docket Nos. 1:14-cv-00460-WSD,
Bkcy No. 11:bkc-70660-CRM

In re: YVONNE ROBERTS WAITS,

Debtor.
_____

BANK OF AMERICA BANK, NA,

Plaintiff - Appellant,

versus

YVONNE ROBERTS WAITS,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(July 16, 2015)

**ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES**

Before TJOFLAT, JORDAN and BLACK, Circuit Judges.

PER CURIAM:

This case is before this Court for consideration in light of *Bank of America, N.A. v. Caulkett*, 575 U.S. __, 135 S. Ct. 1995 (2015).  We previously affirmed the district court's affirmance of the bankruptcy court's order granting the debtor's motion to strip Bank of America's junior mortgage lien.  *See Bank of Am., N.A. v. Waits*, 578 F. App'x 827 (11th Cir. 2014).  The Supreme Court vacated the opinion and remanded the case to us for consideration in light of *Caulkett*.  *See Bank of Am., N.A. v. Waits*, __ S. Ct. __ (2015).  After consideration, we deny Bank of America's motion for summary reversal, vacate the district court's judgment, and remand for further proceedings consistent with *Caulkett* and this opinion.[1]

In this Chapter 7 case, the debtor, Yvonne Roberts Waits, had two mortgages on her house, a senior mortgage lien and a junior mortgage lien.  The outstanding balance on the senior mortgage lien exceeded the house's current value.  Bank of America's junior mortgage lien was thus completely underwater.

Waits moved to "strip off" Bank of America's junior lien under § 506(d) of the Bankruptcy Code, which states, "To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void."  11

---

[1] On June 15, 2015, the parties were directed to file supplemental letter briefs addressing how the *Caulkett* decision applies to this case.  Bank of America timely filed its brief.  To date, however, this Court has not received a response from Waits, whose brief was due July 13, 2015.

2

U.S.C. § 506(d). The bankruptcy court granted Waits's motion, and this Court affirmed. We explained our prior precedents in *In re McNeal*, 735 F.3d 1263 (11th Cir. 2012), and *Folendore v. United States Small Business Administration*, 862 F.2d 1537 (11th Cir. 1989), dictated the conclusion that § 506(d) allows a Chapter 7 debtor to void a junior mortgage lien when the senior lien exceeds the home's value.

In *Caulkett*, the Supreme Court vacated two Eleventh Circuit decisions that followed this same reasoning. The Supreme Court held "a debtor in a Chapter 7 bankruptcy proceeding may not void a junior mortgage lien under § 506(d) when the debt owed on a senior mortgage lien exceeds the current value of the collateral." *Caulkett*, 575 U.S. __, 135 S. Ct. at 2001.

In light of the Supreme Court's holding in *Caulkett*, our holdings in *McNeal* and *Folendore* are overruled. Accordingly, the district court erred in affirming the bankruptcy court's grant of Waits's motion to strip off Bank of America's junior lien. We deny Bank of America's motion for summary reversal, vacate the district court's judgment affirming the bankruptcy court, and remand for further proceedings consistent with *Caulkett* and this opinion.

**VACATED AND REMANDED**.