[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-12406
Non-Argument Calendar
_____

D.C. Docket No. 2:14-cv-00099-RWS,
Bkcy No. 13-bkc-23099-REB

In Re:  BARTEL JAMES VANDER IEST, JR.,

Debtor.

_____

BANK OF AMERICA, N.A.,

Plaintiff - Appellant,

versus

BARTEL JAMES VANDER IEST, JR.,

Debtor - Appellee.
_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(August 18, 2015)

**ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES**

Before WILSON, ROSENBAUM, and COX, Circuit Judges.

PER CURIAM:

Appellee, Bartel James Vander Iest, Jr., is a Chapter 7 debtor. He has two mortgages on his house secured by corresponding liens. The second lien, Bank of America's, is completely "underwater." Vander Iest obtained from the bankruptcy court an order "stripping off" Bank of America's second lien as void under 11 U.S.C. § 506(d). The district court affirmed. Bank of America appealed. Bound by our prior precedent rule, we affirmed.

The Supreme Court granted Bank of America's petition for writ of certiorari, vacated this court's judgment, and remanded the case for further proceedings in light of *Bank of America, N.A. v. Caulkett*, 575 U.S. ___, 135 S. Ct. 1995 (2015). Under *Caulkett*, § 506(d) does not permit the bankruptcy court to strip off the underwater second lien.

Following the issuance of *Caulkett*, Bank of America filed a motion for summary reversal in this court. We deny that motion by separate order. We vacate the judgment of the district court and remand this case to the district court for further proceedings consistent with this opinion and *Caulkett*.

VACATED AND REMANDED.

2