[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-12887
Non-Argument Calendar
_____

D.C. Docket No. 3:14-cv-00054-TCB,
Bkcy No. 13-bkc-12946-WHD

In re: LISA KAY EVANS,
a.k.a. LISA KAY HARBIN,

                                              Debtor.

_____

BANK OF AMERICA, N.A.,

                                              Plaintiff - Appellant,

versus

LISA K. EVANS,
a.k.a. Lisa Kay Harbin,

                                              Defendant - Appellee.
_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(September 2, 2015)

Before WILLIAM PRYOR, ANDERSON, and COX, Circuit Judges.

PER CURIAM:

Appellee, Lisa Evans, is a Chapter 7 debtor.  She has two mortgages on her house with corresponding liens.  The second lien, Bank of America's, is completely "underwater."  Evans obtained from the bankruptcy court an order "stripping off" Bank of America's second lien as void under 11 U.S.C. § 506(d).  The district court affirmed.  Bank of America appealed.  After the Supreme Court granted Bank of America's petition for writs of certiorari in two of our other cases presenting the same issue that this case presents, we entered an order staying this case pending the Supreme Court's decision.

In *Bank of America, N.A. v. Caulkett*, 575 U.S. ___, 135 S. Ct. 1995 (2015), the Supreme Court reversed our precedents and held that § 506(d) does not allow the bankruptcy court to strip off completely unsecured liens.  *Caulkett* is controlling in this case.  We grant Bank of America's motion to lift the stay of this case, but deny its simultaneously filed motion for summary reversal.  We vacate the judgment of the district court and remand this case to the district court for further proceedings consistent with this opinion and *Caulkett*.

VACATED AND REMANDED.

2