[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-11373
Non-Argument Calendar
_____

D.C. Docket Nos. 3:14-cv-00200-BJD; 3:13-bkc-00346-PMG

In re: PHALLY LANG,

                                                    Debtor.
_____

BANK OF NEW YORK MELLON,
f.k.a. Bank of New York,

                                                    Plaintiff - Appellant,

versus

PHALLY LANG,

                                                    Defendant - Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(October 15, 2015)

Before TJOFLAT, JORDAN, and EDMONDSON, Circuit Judges.


PER CURIAM:


ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES


In Bank of N.Y. Mellon v. Lang (In re Lang), 580 F. App'x 890 (11th Cir. 2014), this Court affirmed the district court's affirmance of the bankruptcy court's order voiding a wholly unsecured second priority lien on residential property owned by a Chapter 7 debtor. In doing so, the panel relied on existing precedent in McNeal v. GMAC Morg., LLC (In re McNeal), 735 F.3d 1263 (11th Cir. 2012), and in Folendore v. United States Small Bus. Admin., 862 F.2d 1537 (11th Cir. 1989), in which this Court concluded that an allowed claim that was wholly unsecured was voidable under section 506(d).

The Supreme Court has now granted certiorari, vacated our judgment, and remanded the case to us for further consideration in the light of its decision in Bank of America, N.A. v. Caulkett, 135 S.Ct. 1995 (2015).

In Caulkett, the Supreme Court concluded expressly that "a debtor in a Chapter 7 bankruptcy proceeding may not void a junior mortgage lien under § 506(d) when the debt owed on a senior mortgage lien exceeds the current value of

2

the collateral." <u>Id</u>. (emphasis added).  As a result, this Court's decisions in <u>McNeal</u> and in <u>Folendore</u> are no longer good law.  <u>See Waits v. Bank of Am., N.A. (In re Waits)</u>, No. 14-11408, 2015 U.S. App. LEXIS 12311, at *3 (11th Cir. July 16, 2015).

Accordingly, we deny Appellant's motion for summary reversal, vacate the district court's judgment, and remand the case for further proceedings consistent with <u>Caulkett</u> and with this opinion.

VACATED AND REMANDED.