In the MATTER OF: Theodus
R. SHANNON, Debtor(s)

Theodus R. Shannon, Plaintiff(s)

v.

Springleaf Financial Services,
Inc., Defendant(s)

Case Number 15–41144–LWD
Adversary Proceeding 15–04052–LWD

United States Bankruptcy Court,
S.D. Georgia.

Signed June 23, 2016

Entered June 24, 2016

Jeremiah B. Gastin, Judson C. Hill, Gastin & Hill, Savannah, GA, for Plaintiff.

## JUDGMENT BY DEFAULT

Lamar W. Davis, Jr., United States Bankruptcy Judge

Default was entered against defendant. Springleaf Financial Services, Inc., on January 26, 2016. Therefore, on motion of the plaintiff, judgment is entered against that defendant in favor of the plaintiff as follows.

IT IS ORDERED THAT:

Judgment be entered against Defendant, Springleaf Financial Services, Inc., that the Plaintiff owns real property at 9 Sheridan Drive, Savannah, Georgia, 31406, that at the time of filing the fair market value of the real property was approximately $127,800.00, that the balance due to first mortgage holder was approximately $137,068.00 at the time of filing, that the Defendant has a claim against the Plaintiff for approximately $5,836.30 secured by a second mortgage against the real property, that there is no equity in the real property to secure the debt to the Defendant, that the Defendant's claim is wholly unsecured and thus is dischargeable in Chapter 13 bankruptcy, and that the lien recorded in the Superior Court of Chatham County, Georgia in Book 288G, Page 592 shall be marked cancelled upon the entry of a discharge in the Chapter 13 case.[1]

1. This judgment, based on Defendant's default, resolves this dispute only, in light of current precedent, but should not be read as a ruling on the merits in light of unresolved questions following the recent Supreme Court decision in *Bank of America, N.A. v. Caulkett,* —— U.S. ——, 135 S.Ct. 1995, 192 L.Ed.2d 52 (2015)

See *In re Davis* 547 B.R. 480 (Bankr.S.D.Ga. 2015) [Court followed existing 11 th Circuit precedent in the *Tanner* case, allowing a "strip off" but observed that language in the recent *Caulkett* decision by the U.S. Supreme Court conceivably could lead to a re-examination of the *Tanner* line of cases: 'secured claim' in § 506(d) mean[s] a claim supported by a security interest in property, regardless of whether the value of that property would be sufficient to cover the claim.]
*In re Etheridge* 546 B.R. 896 (Bankr.S.D.Ga. 2016) [Approved Consent Order stripping a mortgage lien in recognition of the fact that there was no controlling precedent contrary to that result.] But Court refused to follow these courts which have limited the holding in *Caulkett* to Chapter 7 cases, observing:

*Caulkett* holds that "secured claim" in § 506(d) means a "claim supported by a security interest in property regardless of whether the value of that property would be sufficient to cover the claim". Caulkett, 135 S.Ct. at 1999. Conceding the obvious, Caulkett was a Chapter 7 case and the language of Chapter 13 at issue differs in prohibiting modification of "rights of hold-

ers of secured claims" which are "secured only by a security interest in real property" that is the debtor's principal residence ...

Still I cannot fathom how the slight difference in phraseology between the term "secured claim", defined by *Caulkett*, following *Dewsnup* to mean a claim supported by a security interest in property regardless of its value—and "secured claim" ... secured only by a security interest in debtors residential real property in Chapter 13—could alter the substantive result ...

The *Caulkett* opinion acknowledged that Courts are reluctant to ascribe different meanings to the same words appearing in a statute. Fundamentally this question turns on what the Code means when it defines the scope of underwater residential mortgages in two chapters of the same statute. But given the statutory language, the value of property must be irrelevant to the in rem validity of the mortgage in both Chapter 7 and 13.

Still it remains unsettled after *Caulkett* whether an underwater residential mortgage in Chapter 13 should be treated any differently than one in Chapter 7, and since at this point, there is no binding authority on this issue, that question remains for determination at another time.

cf. *In re Smith* 514 B.R. 331 (Bankr.S.D.Ga. 2014) [Under Georgia law, discharge in bankruptcy of debt for which a deed to secure debt was given does not operate to satisfy the conditions of the security deed or to reinvest title in grantor; rather, before the grantor in the security deed can become reinvested with title, s/he must first pay or offer to pay the debt for which the security deed was given. Thus, a security deed remains valid, at least in rem, as a matter of Georgia law, even after grantor's discharge in bankruptcy.

"Strip off" of a valid lien can be accomplished only in an adversary proceeding, and not by motion or plan confirmation process because Bankruptcy Rule 7001 mandates an adversary proceeding whenever the "validity, priority, or extent of a lien" is challenged. Challenge to the "validity of a lien," of the kind triggering a right to an adversary proceeding, cannot be narrowly construed to exclude challenges based upon alleged lack of equity in the encumbered property.]