**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-3828
_____

In Re: MICHAEL S. GEISLER d/b/a Michael S. Geisler, Attorney-at-Law,
Debtor

MICHAEL S. GEISLER
Appellant

v.

INTERNAL REVENUE SERVICE
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 2-15-cv-00154)
District Judge:  Honorable Joy Flowers Conti
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
July 11, 2016

Before:  FUENTES,* SHWARTZ, and RESTREPO, <u>Circuit Judges</u>

(Filed: August 10, 2016)

_____

OPINION**

_____

* Honorable Julio M. Fuentes assumed senior status on July 18, 2016.

** This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

_____

FUENTES, <u>Circuit Judge</u>.

Michael Geisler appeals the District Court's order affirming the bankruptcy court's dismissal of his adversary complaint. He argues that the bankruptcy court should have reduced his federal tax liens to the amount secured by his assets, since the Internal Revenue Service ("IRS") "admitted" in its proof of claim only one secured claim. According to Geisler, the IRS should get no more than that amount. We disagree and will affirm.

Geisler ended up in Chapter 7 bankruptcy after accumulating nearly $1 million in tax liabilities. The IRS filed a proof of claim in Geisler's bankruptcy case and identified only one secured tax lien totaling $13,800. Geisler contends that, by doing so, the IRS voluntarily limited the value of its claims to $13,800. Geisler's argument relies on the intersection of Sections 506(a) and 506(d) of the Bankruptcy Code. He seeks to apply Section 506(a)(1)'s definition of "secured claim" to the term "allowed secured claim" in Section 506(d) in order to separate the IRS's liens into secured and unsecured claims and void the latter. However, the Supreme Court's decision in *Dewsnup v. Timm*, 502 U.S. 410, 419 (1992), precludes this tactic. The ultimate effect of *Dewsnup* is that a Chapter 7 debtor cannot reduce, or "strip down," a federal tax lien to the value of the collateral securing it, which is precisely what Geisler sought to do. To the extent some of Geisler's federal tax liens are unsupported by any equity, they nonetheless cannot be voided

2

because *Dewsnup* also applies to junior liens that lack equity in the collateral. *Bank of Am., N.A. v. Caulkett*, 135 S. Ct. 1995, 2000 (2015).

Because the District Court properly held that *Dewsnup* forecloses Geisler's argument, we will affirm for substantially the same grounds set forth in the District Court's thorough and persuasive opinion.