FILED

AUG 08 2017

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

**NOT FOR PUBLICATION**

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: ) | BAP No.   NC-17-1001-FBJu |
| ) | |
| SONJA RITTER, ) | Bk. No.   13-40868 |
| ) | |
|             Debtor. ) | |
| _____ ) | |
| SONJA RITTER, ) | |
| ) | |
|             Appellant, ) | |
| ) | |
| v. ) | **MEMORANDUM**[*] |
| ) | |
| LOIS I. BRADY, Chapter 7 ) | |
| Trustee, ) | |
| ) | |
|             Appellee. ) | |
| _____ ) | |

Submitted Without Argument on July 27, 2017

Filed – August 8, 2017

Appeal from the United States Bankruptcy Court
for the Northern District of California

Honorable William J. Lafferty, Bankruptcy Judge, Presiding

_____

Appearances:   Appellant Sonja Ritter, pro se, on brief.

_____

Before: FARIS, BRAND, and JURY, Bankruptcy Judges.

---

[*] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, see Fed. R. App. P. 32.1, it has no precedential value, see 9th Cir. BAP Rule 8024-1.

1

## INTRODUCTION

Debtor Sonja Ritter appeals the bankruptcy court's denial of her motion to reopen her chapter 7[1] bankruptcy case. The bankruptcy court correctly ruled that reopening her case would have been futile; even if the bankruptcy court reopened her case, she would not have been able to accomplish her objective, which was to strip off her junior mortgage lien. We AFFIRM.

## FACTUAL BACKGROUND[2]

When Ms. Ritter filed her chapter 7 bankruptcy petition, she owned real property (the "Property") valued at $185,000. Bank of America held a first lien against her Property with a claim for $297,229. PNC Bank held a second lien with a claim for $42,416.

Ms. Ritter filed a motion to avoid PNC Bank's lien ("Motion to Avoid Lien"). She stated that the senior lien exceeded the value of the Property and requested that the court determine that PNC Bank's lien was unsecured under § 506. According to Ms. Ritter, she prepared and submitted a proposed order granting the Motion to Avoid Lien.

The bankruptcy court granted Ms. Ritter a discharge. Without ruling on the Motion to Avoid Lien, it closed the case.

---

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, all "Rule" references are to the Federal Rules of Bankruptcy Procedure, and all "Civil Rule" references are to the Federal Rules of Civil Procedure.

[2] Other than a hearing transcript, Ms. Ritter did not provide the Panel with any excerpts of record. We exercise our discretion to review the bankruptcy court's docket. See O'Rourke v. Seaboard Sur. Co. (In re E.R. Fegert, Inc.), 887 F.2d 955, 957–58 (9th Cir. 1989).

2

Over three years later, Ms. Ritter filed a motion to reopen the case and to avoid PNC Bank's lien ("Motion to Reopen"). She requested that the court reopen her case and sign the order avoiding PNC Bank's lien because "no objection was filed and my Court order was never signed."

The court denied the motion, stating that it would not reopen the case because it could not strip off the lien under Bank of America, N.A. v. Caulkett, 135 S. Ct. 1995 (2015).

Ms. Ritter filed a motion to reconsider the denial of the Motion to Reopen ("Motion for Reconsideration"). She reiterated that she had filed the Motion to Avoid Lien and that, because PNC Bank did not oppose it, the court should have granted it. At the hearing on the Motion for Reconsideration, Ms. Ritter questioned whether Caulkett was applicable, given that she had filed her Motion to Avoid Lien two years prior to that decision.

The bankruptcy court entered an order denying the Motion for Reconsideration. It explained that, based on Caulkett, it could not grant Ms. Ritter's request to strip off PNC Bank's junior lien on the Property. The court held that Ms. Ritter did not articulate any basis for reconsideration under Civil Rule 60.

Ms. Ritter timely appealed the denial of the Motion to Reopen and Motion for Reconsideration.

**JURISDICTION**

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(1). We have jurisdiction under 28 U.S.C. § 158.

**ISSUE**

Whether the bankruptcy court erred in denying Ms. Ritter's

3

Motion to Reopen and Motion for Reconsideration so that she could avoid PNC Bank's second mortgage lien.

## STANDARD OF REVIEW

We review for abuse of discretion the denial of a motion to reopen a bankruptcy case. Staffer v. Predovich (In re Staffer), 306 F.3d 967, 971 (9th Cir. 2002). We also review for abuse of discretion the denial of a motion for reconsideration. N. Alaska Envtl. Ctr. v. Lujan, 961 F.2d 886, 889 (9th Cir. 1992).

To determine whether the bankruptcy court has abused its discretion, we conduct a two-step inquiry: (1) we review de novo whether the bankruptcy court "identified the correct legal rule to apply to the relief requested" and (2) if it did, we consider whether the bankruptcy court's application of the legal standard was illogical, implausible or "without support in inferences that may be drawn from the facts in the record." United States v. Hinkson, 585 F.3d 1247, 1261–62 & n.21 (9th Cir. 2009) (en banc).

## DISCUSSION

Ms. Ritter sought to reopen her bankruptcy case to void PNC Bank's lien because she believed that the lien should have been stripped off in her initial chapter 7 case. When the bankruptcy court denied her motion, she sought reconsideration, repeating the same arguments. The bankruptcy court did not err.

Section 350(b) states that "[a] case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." "[A]lthough a motion to reopen is addressed to the sound discretion of the bankruptcy court, 'the court has the duty to reopen an estate whenever prima facie proof is made that it has not been fully

4

administered.'" Lopez v. Speciality Rests. Corp. (In re Lopez), 283 B.R. 22, 27 (9th Cir. BAP 2002) (citation omitted). "[R]eopening a case is typically ministerial and 'presents only a narrow range of issues: whether further administration appears to be warranted; whether a trustee should be appointed; and whether the circumstances of reopening necessitate payment of another filing fee.'" Id. at 26 (citation omitted).

Nevertheless, a bankruptcy court should decline to reopen a case when doing so would be a "pointless exercise." Beezley v. Cal. Land Title Co. (In re Beezley), 994 F.2d 1433, 1434 (9th Cir. 1993); see Cortez v. Am. Wheel, Inc. (In re Cortez), 191 B.R. 174, 179 (9th Cir. BAP 1995) ("The bankruptcy court did not abuse its discretion by denying the debtors' motion to reopen their bankruptcy case when there was no legal basis for granting the relief sought.").

The bankruptcy court properly denied the Motion to Reopen because it could not strip off PNC Bank's junior lien. In Caulkett, the Supreme Court held that "a debtor in a Chapter 7 bankruptcy proceeding may not void a junior mortgage lien under § 506(d) when the debt owed on a senior mortgage lien exceeds the current value of the collateral." 135 S. Ct. at 2001. The Court relied on its previous decision in Dewsnup v. Timm, 502 U.S. 410 (1992).

Similarly, Ms. Ritter is seeking to strip off PNC Bank's junior lien because her home was worth less than the amount owed on her first mortgage. But Caulkett forbids a bankruptcy court from doing so.

In her Motion for Reconsideration, Ms. Ritter questioned

5

whether Caulkett, decided in 2015, was applicable to her 2013 bankruptcy case. The bankruptcy court correctly explained that Caulkett restated the law as it had existed since the Supreme Court's 1992 decision in Dewsnup.

Ms. Ritter argues that PNC Bank did not oppose the Motion to Avoid Lien. But the bankruptcy court can deny a motion, even if no one opposed it, if the motion lacks legal merit. See Local Bankruptcy Rule 9014-1(b)(4) (allowing, but not requiring, a court to grant an unopposed motion by default); Edward H. Bohlin Co. v. Banning Co., 6 F.3d 350, 356 (5th Cir. 1993) (Under similar Texas law, "[a]lthough failure to respond to a motion will be considered a statement of no opposition, the court is not required to grant every unopposed motion.").

Even if the bankruptcy court had reopened Ms. Ritter's case, it could not void PNC Bank's lien. Because the Motion to Reopen was futile, the court did not abuse its discretion when it denied the Motion to Reopen and Motion for Reconsideration.

## CONCLUSION

For the reasons set forth above, the bankruptcy court did not err. Accordingly, we AFFIRM.

6