NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 13 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: SONJA RITTER,<br><br>              Debtor.<br><br>------------------------------<br><br>SONJA RITTER,<br><br>              Appellant,<br><br>  v.<br><br>LOIS I. BRADY, Chapter 7 Trustee,<br><br>              Appellee. | No. 17-60064<br><br>BAP No. 17-1001<br><br>MEMORANDUM* |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Faris, Brand, and Jury, Bankruptcy Judges, Presiding

Submitted July 10, 2018**

Before:    CANBY, W. FLETCHER, and CALLAHAN, Circuit Judges.

Sonja Ritter appeals pro se from the Bankruptcy Appellate Panel's ("BAP")

---

    *      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    **    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

judgment affirming the bankruptcy court's order denying her motion to reopen her bankruptcy case. We have jurisdiction under 28 U.S.C. § 158(d). We review de novo BAP decisions and apply the same standard of review that the BAP applied to the bankruptcy court's ruling. *Boyajian v. New Falls Corp. (In re Boyajian)*, 564 F.3d 1088, 1090 (9th Cir. 2009). We affirm.

The bankruptcy court did not abuse its discretion by denying Ritter's motion to reopen and motion for reconsideration because Ritter failed to demonstrate grounds for such relief. *See Curry v. Castillo (In re Castillo)*, 297 F.3d 940, 945 (9th Cir. 2002) ("A bankruptcy court's decision to reopen is entirely within its sound discretion, based upon the circumstances of each case." (citation and internal quotation marks omitted)); *Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (standard of review and grounds for relief under Fed. R. Civ. P. 59(e) or 60(b)); *see also* Fed. R. Bankr. P. 9023, 9024 (making Rules 59 and 60 applicable to bankruptcy cases). Contrary to Ritter's contention, the Supreme Court has held that the lien avoidance mechanism in 11 U.S.C. § 506(d) is not available when a claim secured by a lien has been allowed under § 502. *See Dewsnup v. Timm*, 502 U.S. 410, 416-20 (1992); *accord Bank of Am., N.A. v. Caulkett*, 135 S. Ct. 1995, 1999-2001 (2015) (applying *Dewsnup*'s interpretation of § 506(d) to wholly underwater mortgage liens).

We reject as without merit Ritter's contention that the bankruptcy court was

required to grant her motion to avoid PNC Bank's junior lien on the basis of PNC Bank's failure to oppose the motion. We reject as unsupported by the record Ritter's contentions that the bankruptcy court was biased against her as a pro se litigant or failed to give due consideration to her motion to reopen or motion for reconsideration.

**AFFIRMED.**

17-60064