# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 3, 2020

Lyle W. Cayce
Clerk

No. 19-30926

In the Matter of:  800 Bourbon Street, L.L.C.,

*Debtor*,

800 Bourbon Street, L.L.C.,

*Appellant*,

*versus*

Bay Bridge Building Limited Company, L.L.C.,

*Appellee*.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:17-CV-12474

Before King, Stewart, and Southwick, *Circuit Judges*.

Per Curiam:[*]

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 19-30926

800 Bourbon Street, LLC ("800 Bourbon") appeals the district court's affirmance of a final judgment by the bankruptcy court in favor of Bay Bridge Building Limited Company, LLC ("Bay Bridge"). We affirm.

**I.**

In 2005, 800 Bourbon owned a building located at 800 Bourbon Street in New Orleans. The building housed a night club called Oz. 800 Bourbon had two members, Doyle Yeager and Johnny Chisholm.

Chisholm was also the sole member of Chisholm Properties Circuit Events LLC ("Circuit Events"). When Chisholm became interested in purchasing production rights to a series of parties, he sought funding for the project. For that, he turned to Julian MacQueen, the sole member of Bay Bridge.

Because Chisholm and Circuit Events lacked sufficient assets to secure the loan, Chisholm and MacQueen engineered an agreement in which Bay Bridge loaned $1.2 million to 800 Bourbon, with the building serving as collateral for the loan. Chisholm used the $1.2 million to purchase the rights to the series of parties. Between May 2005 and May 2006, Bay Bridge made several additional loans to Circuit Events, with 800 Bourbon agreeing to re-pay the loaned money each time.

The series of parties flopped, and Bay Bridge sought to enforce its security rights against 800 Bourbon. This prompted 800 Bourbon, in 2008, to file for bankruptcy protection under Chapter 11 of the Bankruptcy Code.

At the center of this appeal is a proof of claim filed by Bay Bridge in the 2008 bankruptcy. Bay Bridge claimed a right to $1,360,571.01 in payments owed under the loans it made to 800 Bourbon, Chisholm, and Circuit Events. Bay Bridge designated its claim as "secured." 800 Bourbon did not dispute the secured status of the claim.

No. 19-30926

In 2009, the bankruptcy court confirmed 800 Bourbon's plan of reorganization ("2009 Plan"). Of note, the Plan explained that Chisholm and Circuit Events assumed 800 Bourbon's obligations to pay back Bay Bridge the money it loaned to 800 Bourbon, Chisholm, and Circuit Events. It also provided that to the extent Bay Bridge had an "allowed secured claim," 800 Bourbon's building would continue to secure the loans made by Bay Bridge, but the security would be "'*in rem*' only." The 2008 bankruptcy case was closed in August 2011.

But the dispute between these two companies did not end then. That's because Chisholm and Circuit Events failed to pay back the money owed to Bay Bridge. So, in 2014, 800 Bourbon—fearing Bay Bridge would come after it because of the security interest Bay Bridge still possessed in the building—again sought protection from the bankruptcy court. In its second Chapter 11 filing, 800 Bourbon listed Bay Bridge as an unsecured creditor who was owed $0. Bay Bridge disagreed, and it filed a proof of claim. It again listed its claim as secured. It sought $1,979,886.47.

This time around, 800 Bourbon objected to Bay Bridge's proof of claim on several grounds. It did so in the form of an adversary proceeding filed on July 21, 2015. The next day, the building was sold at auction for more than $8 million. Immediately after the sale, the bankruptcy court held a confirmation hearing. At the hearing, Bay Bridge agreed not to seek its pending claim for attorneys' fees so that 800 Bourbon's new confirmation plan would be feasible. Bay Bridge's claim was lowered to $1,649,000. This amount was placed into escrow pending the outcome of the dispute over Bay Bridge's claim to the disputed funds.

In the adversary proceeding, the parties cross-moved for summary judgment. 800 Bourbon argued that Bay Bridge's security rights in the building expired when it failed to timely reinscribe its mortgage over the

3

property. It also argued that even if Bay Bridge's security rights had not expired, the 2009 Plan itself foreclosed Bay Bridge from seeking payment from 800 Bourbon. Bay Bridge responded that its security rights in the building were valid, and, for several reasons, 800 Bourbon could not challenge what was essentially the same proof of claim that went unchallenged in the 2008 bankruptcy.

On November 20, 2015, the bankruptcy court granted Bay Bridge's motion and denied 800 Bourbon's. The court noted that 800 Bourbon had emphasized a provision of the 2009 Plan stating that Bay Bridge was not entitled to receive any payments from 800 Bourbon. But the court went on to put that provision of the plan in context. It explained that Bay Bridge agreed to waive 800 Bourbon's obligations under the loans to make confirmation feasible, all the while retaining an *in rem* security interest in the building in case—as happened—Chisholm and Circuit Events did not fully pay back Bay Bridge for the loans it made in 2005 and 2006.

Even so, 800 Bourbon argued that Bay Bridge only had an *in rem* claim in the building under the 2009 Plan "[t]o the extent" Bay Bridge had an "allowed secured claim." And, in 800 Bourbon's view, Bay Bridge did not have an "allowed secured claim" because another provision in the plan described Bay Bridge as an *under*-secured creditor.[1]

---

[1] 800 Bourbon apparently believes that, under 11 U.S.C. § 506(d), the value of Bay Bridge's security interest was reduced to the value of its collateral when the 2009 Plan was confirmed such that Bay Bridge cannot benefit from post-confirmation appreciation of its collateral. This reading of § 506(d), however, has been expressly rejected by the Supreme Court. *Dewsnup v. Timm*, 502 U.S. 410, 415 (1992) (concluding that § 506(d) does not affect liens based on claims that have "been 'allowed' pursuant to § 502 of the Code and [are] secured by a lien with recourse to the underlying collateral."); *id.* at 417 ("Any increase over the judicially determined valuation during bankruptcy rightly accrues to the benefit of the creditor, not to the benefit of the debtor . . . ."); *see also Bank of America, N.A. v. Caulkett*, 135 S. Ct. 1995, 2001 (2015) ("The reasoning of *Dewsnup* dictates that a debtor in

The bankruptcy court swiftly rejected this argument. It explained that Bay Bridge properly filed its proof of claim in the 2008 case and designated it as secured. This created prima facie evidence of the validity and amount of the claim. 800 Bourbon did not object to the claim. In fact, the 2009 Plan notes that 800 Bourbon "believe[d] the amount reflected in the Proof of Claim filed by Bay Bridge [was] correct." The court noted that the plan "provide[d] a deadline to object to claims of 60 days from the date of the confirmation order." When 800 Bourbon did not object, the claim became allowed. Accordingly, Bay Bridge had an allowed secured *in rem* claim. After disposing of additional issues, the court issued a judgment ordering 800 Bourbon to release the $1,649,000 to Bay Bridge.

The dispute was far from over. 800 Bourbon filed a motion for reconsideration. It was granted in part, and a trial date was set. 800 Bourbon's counsel then withdrew after 800 Bourbon suggested it would file a legal malpractice claim. The company's new counsel then filed a second motion for reconsideration. It was denied. The new counsel then filed a motion to designate issues for trial, which the bankruptcy court treated as a third motion for reconsideration. The matter proceeded to trial on claims not directly at issue in this appeal. Bay Bridge prevailed.

800 Bourbon then appealed to the district court. It alleged several errors. The only one still at issue is whether the bankruptcy court erred by determining that Bay Bridge possessed an allowed, fully secured claim under the 2009 Plan. The district court affirmed on alternative grounds.

The court began by rejecting 800 Bourbon's argument that the 60-day objection deadline only applied to "Disputed Claims," a category that, in

---

a Chapter 7 bankruptcy proceeding may not void a junior mortgage lien under § 506(d) when the debt owed on a senior mortgage lien exceeds the current value of the collateral.").

800 Bourbon's view, Bay Bridge's claim did not belong. The court provided persuasive reasoning for its conclusion that the 2009 Plan unambiguously provided that 800 Bourbon "should have objected to Bay Bridge's claim in the immediate aftermath of the 2009 Plan."

The court also provided an alternative justification for its holding. Even assuming 800 Bourbon's contrary interpretation of the plan was reasonable, the district court's interpretation of the plan—and, by extension, the bankruptcy court's interpretation of the plan—was equally reasonable. In the context of competing reasonable interpretations, the district court was entitled to defer to the bankruptcy court's interpretation of its own plan. For these reasons and others not at issue here, the district court affirmed the bankruptcy court's judgment.

800 Bourbon now appeals the district court's affirmance of the bankruptcy court's judgment. It argues that both of the district court's alternative holdings are legally flawed.

## II.

We review a district court's affirmance of a final judgment of the bankruptcy court by applying the same standard of review to the bankruptcy court's judgment that the district court applied. *In re Moore*, 739 F.3d 724, 727 (5th Cir. 2014). We therefore review the bankruptcy court's findings of fact for clear error and its legal conclusions de novo. *Id.*

## III.

We hold, for the reasons thoroughly explained by the district court, that the bankruptcy court did not err when it held that Bay Bridge's claim was an allowed secured *in rem* claim under the 2009 Plan. Because the bankruptcy court's judgment can be defended on that ground alone, we need not address 800 Bourbon's other arguments.

No. 19-30926

## IV.

The bankruptcy court did not reversibly err. The district court correctly affirmed the bankruptcy court's judgment. Accordingly, we also affirm.